RECEIVED
IN MONROE, LA.

AUG 0 3 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CARNELLA M. MARKS** | **CIVIL ACTION NO. 11–114** |
| **LA. DOC #300215** | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WAYNE EDWARDS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is a "Motion by Letter" [Doc. No. 11] filed by Plaintiff Carnella M. Marks ("Marks").

On January 19, 2011, Marks filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 24, 2011, Magistrate Judge Karen L. Hayes issued a report recommending that Marks' petition be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted. A copy of this Report and Recommendation was forwarded to Marks at the Richland Parish Detention Center ("RPDC"), the last known place of confinement. The Report and Recommendation was returned to the Clerk of Court on May 9, 2011, marked "RTS/unable to locate."

Accordingly, on June 27, 2011, more than thirty (30) days after the Report and Recommendation was returned, the Court issued a Ruling [Doc. No. 8] and Judgment [Doc. No. 9] dismissing Marks' civil rights actions for the reasons stated in the Magistrate Judge's Report and Recommendation [Doc. No. 6] and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3W.

However, on July 25, 2011, the Clerk of Court received Marks' Motion by Letter in which she states that she has been continuously housed at the RPDC since February 15, 2011, but that she

did not have any knowledge of the Report and Recommendation until July 1, 2011, when she received a copy of the Court's Ruling and Judgment. She denies that she has violated Local Rule 41.3W, contends that she has been unable to file any pleadings because of the inadequate law library at the facilities where she has been housed, reiterates her claims against Defendants, requests that the action be "stayed," and, finally, requests that the Court appoint counsel to represent her.

First, to the extent that the Court relied on Marks' failure to prosecute as a basis for the dismissal of her claims, those portions of the Court's Ruling [Doc. No. 8] and Judgment [Doc. No. 9] are VACATED.[1]

Second, to the extent that Marks contends that she has been unable to file pleadings because of the inadequate law libraries at the facilities where she has been housed, the Court finds this claim to be without merit. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *see also Bounds v. Smith*, 430 U.S. 817 (1977); *Johnson v. Avery*, 393 U.S. 483 (1969). The right of access to the court is not unlimited, including "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoner's] convictions or conditions of confinement." *Jones*, 188 F.3d at 325 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (citations omitted). Finally, in order for a plaintiff to state a claim that she has denied constitutional

---

[1] Although Marks asserted a claim based on the mishandling of her mail, any prejudice she suffered from the return of her mail has been cured by this Court's consideration of her Motion by Letter.

right of access to the courts, she must "demonstrate[ ] that h[er] position as a litigant was prejudiced by h[er] denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citing *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement, held: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. The Court further held that this right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.*

Marks has not shown how her ability to prepare and transmit legal documents has in any way been denied or inhibited by the inadequacies she has alleged. Indeed, and with regard to the instant suit, plaintiff has been able to file a 7-page original complaint [Doc. 3] and later file a motion for leave to proceed *in forma pauperis* [Doc. No. 4]. Her original Complaint was sufficiently articulated and detailed, so that Magistrate Judge Hayes did not request any additional information, but was able to conduct the screening function required in a prisoner civil rights case. *See* 28 U.S.C. §§ 1915 & 1915A and 42 U.S.C. § 1997e(c). Marks has also failed to show how the alleged inadequacy of the law libraries deprived her of the ability to pursue this litigation. Therefore, to the extent that Marks has attempted to amend her Complaint to add an access to courts claim, the facts and arguments set forth in her Motion by Letter fail to state a claim as a matter of law. Therefore, that claim is also DENIED and DISMISSED WITH PREJUDICE.

Third, the Court has reviewed Marks' factual allegations in her Motion by Letter, but finds that her claims have been fully and appropriately addressed in the Magistrate Judge's Report and Recommendation. The Court finds no reason to set aside or vacate its previous adoption of the Report and Recommendation or that portion of the Judgment dismissing Marks' claims as frivolous and for failure to state a claim upon which relief can be granted.

Finally, the Court finds no basis to stay this matter or to appoint counsel to represent Marks. In a § 1983 case, Congress has not specifically authorized courts to appoint counsel for a plaintiff. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not authorized under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985) ("Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present."). No precise definition of "exceptional circumstances" is available, but the United States Court of Appeals for the Fifth Circuit has provided a litany of factors

for lower courts to consider in making this determination. For example, the district court should consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate her case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citations omitted). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf because plaintiffs are not excused from making efforts to procure counsel on their own. *See Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213.

Marks initiated this action to vindicate her civil rights. She possesses first hand knowledge of the facts which form the basis of this action. Marks was able to file her Complaint and recount the facts to the Court prior to issuance of the Report and Recommendation. She has not indicated that she made any attempt to procure counsel on her behalf. Thus, applying the relevant factors and the record in this case, Marks' motion for appointment of counsel contained in her Written Objection is DENIED. Likewise, her request for a stay is DENIED.

MONROE, LOUISIANA, this 3 day of August, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE